UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80701-CIV-MARRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SYBIL AUSTIN,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's, Sybil Austin ("Defendant"), Motion for Relief from Final Default Judgment by Special Appearance (DE 9). The Court has carefully considered the motion and is otherwise fully advised in the premises.

On June 17, 2011, Plaintiff United States of America ("Plaintiff") filed a Complaint against Defendant for failure to pay an educational debt (DE 1). The summons was served on June 22, 2011, and Return of Service was filed on July 5, 2011 (DE 4). A Clerk's Entry of Default was entered against Defendant on July 18, 2011 (DE 6). On July 19, 2011, Plaintiff filed a Motion for Entry of Default Judgment (DE 7). Defendant did not file a timely response. The Court granted final default judgment against Defendant on August 5, 2011 (DE 8). Defendant filed the instant motion, and Plaintiff has failed to file a timely response.

To relieve a party from an entry of final default judgment, the Court looks to Rule 60 (b) of the Federal Rules of Civil Procedure. Rule 60(b) states that a Court may relieve a party from final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Defendant argues in her motion that, since service of process was insufficient, the court lacked personal jurisdiction, and the judgment is therefore void under Rule 60(b)(4).

A judgment is void under Rule 60(b)(4) if the court that rendered that judgment lacked subject matter jurisdiction, the court's conduct in rendering the judgment was not consistent with due process of law, or the court was powerless to enter the judgment in the first place.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11 Cir. 2011).  More specifically, if service of process is insufficient, the court generally has no power to render judgment, so the judgment is void. *United States v. Varmado*, 342 Fed.Appx. 437, 438 (11 Cir. 2009)(citing *In re Worldwide Web Sys.*, 328 F.3d 1291, 1299 (11th Cir. 2003)).

Federal Rule of Civil Procedure 4(e) discusses serving an individual with a summons within a judicial district of the United States.  The rule states,

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person who waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>>( C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Thus, in order for service of process to be valid, Plaintiff must have served Defendant with the summons and complaint by following Florida law, by personally delivering the summons and complaint to Defendant, by leaving a copy of each at Defendant's dwelling or usual place or abode, or by delivering a copy of each to the agent authorized by appointment or law to receive service of process. Florida Statute §48.031 requires that service of process be completed by delivering a copy of the summons and complaint personally, leaving the copies at the individual's "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents", or making substitute service with the individual's spouse pursuant to 48.031(2). Fla. Stat. §48.031.

The process server averred in the affidavit of service that, on June 22, 2011, he "substitute served by delivering a true copy of the summons in a civil action, complaint and exhibits . . . to Jane Doe as co-resident/authorized to accept at [Defendant's address], the within named person's usual place of Abode, who resides therein, who is fifteen (15) years of age or older. . . ." (DE 4). The process server also wrote in the affidavit, "attempted service–an unidentified woman answered the door & said the subject does reside at this address–she said she was the maid who also lives here, but she would not accept the documents–server explained that she was being served as a co-resident–she would not provide her name & closed the door on the server." (DE 4). Based on this language, the real issue is whether the process server left a copy

3

of service at Defendant's dwelling with someone of suitable age and discretion who resided there.

While the process server attested that "Jane Doe"[1] was "authorized" to accept service on Defendant's behalf, the only legal basis for service on this individual would have been her residence at Defendant's home.  The affidavits of Sybil Austin, Lawrence B. Austin, and Ghislaine Gauthier, however, attached to the Defendant's motion for relief from final judgment, all establish both that Defendant's part-time housekeeper, Ghislaine Gauthier, was not authorized to accept service on Defendant's behalf and that she did not reside at Defendant's home (DEs 9-1, 9-2, 9-3).  Ms. Gauthier's driver license attached to her affidavit also illustrates that Defendant's house is not her primary residence (DE 9-3).  Thus, Defendant's evidence contradicts the process server's assertion that "Jane Doe" resided at Defendant's home.

Once a defendant brings the sufficiency of service into question, it is the Plaintiff's burden to prove sufficient service.  *Cornwall v. Miami-Dade Cnty. Corrs. and Rehab. Dept.*, 2011 WL 3878352, *2 (S.D. Fla. 2011)(citing *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F.Supp.2d 1273, 1277 (S.D. Fla. 1999)).  Plaintiff has not replied to Defendant's motion or provided any evidence to controvert the affidavits.  Based on Defendant's evidence, it appears process was not properly served upon Defendant, which makes this Court's final default judgment void.  Pursuant to Rule 60(b)(4), the default judgment must therefore be set aside.

---

[1]"Jane Doe" is actually Ghislaine Gauthier, according to Defendant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Relief from Final Default Judgment by Special Appearance (DE 9) is **GRANTED**. The Clerk's entry of default (DE 6) and Court's entry of final default judgment (DE 8) are **VACATED**. Plaintiff must properly serve Defendant in order to proceed with this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of September, 2011.

_____
KENNETH A. MARRA
United States District Judge